**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Marlise Taylor,** | ) | **CASE NO. 1:11 CV 1901** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Mark Montoya,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon defendant's Motion to Dismiss the Amended Complaint (Doc. 17). This case arises out of an investigation of plaintiff by defendant which led to plaintiff's criminal indictment. For the following reasons, the motion is GRANTED.

### Facts

Plaintiff Marlise Taylor filed her Complaint against defendant Mark Montoya in the Cuyahoga County Common Pleas Court. Defendant thereafter removed the action to this Court. After defendant filed a motion to dismiss, an Amended Complaint was filed which alleges the following:

1

Plaintiff was employed by the United States Postal Service (USPS) since 1988, and as a Supervisor of Distribution Operations from 1997 to 2007. In 1995, plaintiff suffered a work-related knee injury which resulted in four surgeries between 1996 and 2005. Due to the reoccurrence of a knee injury in April 2006, plaintiff was unable to perform her work duties. As a result, she sought full disability relief from the USPS. In a June 2006 letter, plaintiff's orthopedic surgeon, Dr. Bruce Cohn, stated that she suffered from chronic degenerative arthritis in her knee which precluded her from performing her job of Supervisor of Distribution of Operations. Dr. Cohn stated that plaintiff could not perform a modified version of her workday, and was not likely ever to be able to work a full workday again based on her achieving maximum medical improvement. Three other physicians found plaintiff permanently limited by her injury.

Defendant is an agent of the Office of Inspector General of the USPS who investigated plaintiff's claim for disability. His investigation included undercover surveillance of plaintiff, interviews with her doctors, examination of medical records, use of a GPS tracking device, and accumulation of items from retailers patronized by plaintiff. Defendant also requested and seized medical records not relevant to plaintiff's knee injury as well as those pertinent to his investigation.

Defendant interviewed Dr. Cohn and told him that he had observed and videotaped plaintiff engaging in activities which contradicted her alleged limitations, and presented misleading edited video footage to the doctor. As a result, Dr. Cohn refused to further treat plaintiff and ended his 14 year doctor-patient relationship with her. Defendant also prepared an affidavit for Dr. Cohn which omitted critical information and statements from Dr. Cohn

2

which were favorable to plaintiff.

Thereafter, defendant testified against plaintiff before a grand jury which consisted of only those statements included in Dr. Cohn's affidavit and not his statements made during the interview.  Defendant also failed to testify as to those portions of his video surveillance which supported a finding of disability.  As a result, plaintiff was indicted for multiple counts of mail fraud and for lying to obtain disability benefits from the USPS.  When defendant finally revealed the exculpatory statements of Dr. Cohn, under pressure from plaintiff's attorney, the U.S. Attorney moved to dismiss all the charges. Judge Nugent granted the motion.

The Amended Complaint sets forth three claims for relief.  Count One alleges a *Bivens* Fourth Amendment claim.  Count Two alleges a *Bivens* Due Process claim.  Count Three alleges malicious prosecution.

This matter is before the Court upon defendant's Motion to Dismiss the Amended Complaint.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ).  In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In*

3

*re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level."*ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank,* 2009 WL 1811915 (6th Cir. June 25, 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir.2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In *Twombly*, the court held that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.

**Discussion**

**(1) Count Two**

Defendant argues that because all of the actions complained of arise out of defendant's testimony before the grand jury and the grand jury's decision to indict plaintiff based on the evidence presented to it, he is absolutely immune from suit. Plaintiff argues that because her claims are based on defendant's misconduct which is not limited to his perjury before the grand jury, defendant is not entitled to absolute immunity.

A law enforcement official's false grand jury testimony is protected by absolute immunity. *Rehberg v.* Paulk, 132 S.Ct. 1497 (2012); *Oatman v. Potter*, 92 Fed. Appx. 133 (6th Cir. 2004) (citing *Macko v. Byron*, 760 F.2d 95, 97 (6th Cir.1985) and *Briscoe v. LaHue,* 460

U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983)). Plaintiff argues that her claims are not based exclusively on defendant's grand jury testimony. Rather, she asserts that her Amended Complaint sets forth "non-grand jury misconduct."

Therefore, this Court must determine whether plaintiff has stated a claim for a constitutional violation in defendant's actions preceding plaintiff's indictment by the grand jury. Plaintiff's brief rests solely on her due process allegation contained in Count Two.[1] Plaintiff relies on *Vaughan v. City of Shaker Heights*, 2011 WL 5966732 (N.D. Ohio Nov. 28, 2011), wherein the district court adopted the magistrate judge's recommendation finding that "pursuant to the decision in *Gregory v. City of Louisville*, 444 F.3d 725, 742 (6th Cir.2006), ... the Sixth Circuit has consistently ruled that absolute immunity does not shield pretrial, nontestimonial acts such as withholding of evidence"... and the complaint had averred that the detective failed to disclose apparent and material exculpatory evidence. Here too, plaintiff asserts, defendant is alleged to have withheld exculpatory evidence which would have established the true extent of plaintiff's disability.

Plaintiff argues that her Amended Complaint sets forth adequate facts to establish a *Brady* violation. (Doc. 18 at 9-10) "[S]upression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland,* 373 U.S. 83 (1963). A police officer may be held liable for a *Brady* violation under § 1983. *See Sykes v. Anderson,* 625 F.3d 294 (6th Cir. 2010) (citations omitted).

---

[1] Plaintiff does not address her allegation that the unlawful indictment and arrest amounted to an unlawful seizure of her person in violation of the Fourth Amendment (Count One). The Court considers this claim to be abandoned.

The Amended Complaint alleges in relevant part:

Defendant Montoya interviewed Dr. Bruce Cohn, Ms. Taylor's orthopedic surgeon of fourteen years. In his interview, Dr. Cohn indicated that Ms. Taylor's observed movements were consistent with her claim for full disability. Defendant Montoya, however, willfully and maliciously misled Dr. Cohn by reporting to [sic] that he had observed and videotaped Ms. Taylor engage in activities which contradicted her alleged limitations. Montoya presented video footage to Dr. Cohn which Montoya had edited to remove images of Plaintiff either sitting or using her prescribed knee brace. The video's clear implication was that Plaintiff performed much more activity, and more strenuously, then she actually did. As a direct and proximate result of Defendant Montoya's misrepresentations, Dr. Cohn refused to further treat Ms. Taylor, thus ending their fourteen year doctor-patient relationship.

Defendant Montoya also prepared an affidavit for Dr. Cohn. Montoya intentionally and willfully omitted critical information and statements from Dr. Cohn. The omitted information supported Dr. Cohn's belief that much of Ms. Taylor's activity, as observed by Montoya, was consistent with a finding of disability, or at a minimum, was not inconsistent with a finding of disability.

Thereafter, Defendant Montoya testified against Ms. Taylor before a grand jury. His testimony and communications with prosecutors consisted of only those statements included in Dr. Cohn's affidavit, not the entirety of Dr. Cohn's statements in his interview. Montoya also failed to testify as to those portions of his video surveillance which supported a finding of disability. As such, Montoya clearly withheld exculpatory evidence.

\*\*\*

Defendant Montoya learned from Dr. Cohn that the movements Montoya observed while conducting surveillance were not inconsistent with her claim of disability.

The reports Defendant Montoya filed in his investigation, and his subsequent testimony before the indicting Grand Jury, resulted in a later-reversed denial of Ms. Taylor's claim for retirement with disability, and the issuance of a federal indictment on 13 charges, including mail fraud ...

At all times subsequent to his interview with Dr. Cohn, Defendant Montoya knowingly withheld the statements by Dr. Cohn that Ms. Taylor could, in fact, move as Defendant Montoya had observed, without thereby disproving Ms. Taylor's claim of

6

disability.

(Am.Compl.¶¶ 17-19, 26-28)

As demonstrated by the Amended Complaint, the gist of plaintiff's allegations is that defendant interviewed Dr. Cohn who said that plaintiff was fully disabled. Defendant then showed Cohn the edited videotape which seemed to show that plaintiff was not disabled. Cohn then refused to further treat plaintiff. Defendant subsequently presented Cohn with an affidavit to sign which omitted the statements he had made supporting disability. Cohn apparently signed the affidavit which defendant included in his grand jury testimony. Although not specifically alleged in the Complaint, plaintiff asserts in her brief that "due to the fact that [defendant] duped the doctor, the doctor did not object to the absence of those statements." (Doc. 18 at 3)

Thus, it appears that the allegedly exculpatory evidence is the omitted video footage which would have shown plaintiff to be disabled and the statements made in Dr. Cohn's interview opining that plaintiff was disabled and which were omitted from his affidavit because of defendant's alteration of the video. As discussed below, even assuming these allegations amount to a withholding of evidence, plaintiff's indictment was dismissed by the trial court prior to trial. Therefore, there can be no *Brady* violation.

The Amended Complaint alleges,

> When defendant Montoya finally revealed the exculpatory statements by Dr. Cohn, under pressure from Ms. Taylor's defense attorney, the United States Attorney immediately moved to dismiss all charges. The United States District Court for the Northern District of Ohio granted that motion...

(Am. Compl. ¶ 20). The Sixth Circuit has recognized that when a defendant is acquitted at

7

trial any supposed *Brady* violation was not prejudicial and, thus, not actionable. *Offineer v. Kelly,* 454 Fed.Appx. 407 (6th Cir. 2011)(citations omitted) ("Cases from this court confirm that due process claims based on the wrongful suppression of exculpatory evidence are unavailable where, as here, the claimant was acquitted of his criminal charges.") If there is no *Brady* claim where a defendant is tried and then acquitted, there can be no *Brady* violation where a defendant's indictment is dismissed prior to a trial.

**(2) Count Three**

Defendant moves to dismiss the malicious prosecution claim on the basis that plaintiff cannot prove that the underlying criminal prosecution terminated in her favor on the merits.

Plaintiff acknowledges that to prevail on a malicious prosecution claim she must demonstrate that the criminal proceeding was resolved in her favor. (Doc. 18 at 11) *See also Cheolas v. City of Harper Woods,* 2012 WL 89173 (6th Cir. Jan.10, 2012) (citing *Sykes v. Anderson*, 625 F.3d 294, 308–309 (6th Cir.2010) ). Plaintiff argues that this case involves "ambiguous circumstances" and that Judge Nugent ruled on the merits when he dismissed the indictment. For the following reasons, this Court disagrees.

The docket shows that Judge Nugent held a hearing on August 2, 2010, "on government's proposed Order to dismiss this case. The Court grants the Order of Dismissal." (Doc. 17 Ex. A) An Order for dismissal pursuant to Fed.Crim. R. 48(a) was then entered. (*Id.*) Rule 48(a) states, "The Government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent."

Plaintiff refers to *Ash v. Ash*, 72 Ohio St.3d 520 (1995), wherein the court recognized

8

that "a proceeding is terminated in favor of the accused only when its disposition indicates that the accused is innocent," and points out that in ambiguous circumstances the disposition must indicate the innocence of the accused.  (citing *Murphy v. Lynn,* 118 F.3d 938 (2d Cir. 1997)).  *See also Schlueter v. Southern Energy Homes, Inc.,* 252 Fed.Appx. 7 (6th Cir. 2007) (If the circumstances surrounding dismissal are ambiguous, there is an issue of fact.) Plaintiff asserts that statements made by Judge Nugent at the hearing "are at least ambiguous as to his judgment of the merits, and demonstrate that Judge Nugent was under the impression that a trial had begun and plaintiff's consent to the dismissal was necessary."  (Doc. 18 at 11)

Plaintiff points to the following portions of the Transcript of the proceedings.  Judge Nugent told the defendant (plaintiff herein) that her attorneys had worked hard and "obviously uncovered information that was favorable to you and kind of confirmed the things that you were telling them," and that the prosecutor had "done the right thing" in proposing dismissal.  (Doc. 17 Ex. B at 4) Judge Nugent further stated,

> Now, all that being said, you can say, 'Judge, I want my day in court. I don't know what the Government says because they don't have any evidence. I want to be vindicated in court.' And if you said that, I'd have to take that into consideration, you know, because it's not just a one-way street here. You have rights as well. And I know you've talked to both [lawyers] about it. And so that's why I wanted you here, too, because I'm willing to accept the fact that you are going to agree and accept the dismissal as proposed. Is that a fair statement?

(*Id.* at 4-5).

Plaintiff contends that these statements show that the judge acted to indicate that a trial was underway and that the evidence exonerated plaintiff.  His statements also show, plaintiff maintains, that Judge Nugent believed that trial had begun and plaintiff's permission was necessary to dismiss the indictment. Plaintiff claims that the judge ruled on the merits

9

and found in plaintiff's favor.

This Court disagrees.  Judge Nugent's acknowledgement that plaintiff's attorneys had diligently uncovered information favorable to plaintiff and that the prosecutor did the right thing in seeking dismissal is not a ruling on the merits.  Judge Nugent did not find in plaintiff's favor as she now asserts. Additionally, the docket clearly shows that a hearing was merely held on the request for dismissal.  No trial had commenced.  The Court cannot conclude from the Transcript of the hearing's proceedings that "Judge Nugent was under the impression that a trial had begun."  Rather, the record shows that the indictment was dismissed by the Government pursuant to Rule 48(a) with leave of court.  Judge Nugent was not seeking plaintiff's consent because trial had begun.  Rather, Judge Nugent was referring to plaintiff's right to proceed to trial when he indicated that she could request her day in court.

Because there was no termination of the prosecution on the merits in her favor, plaintiff cannot proceed on the malicious prosecution claim.

**Conclusion**

For the foregoing reasons, defendant's Motion to Dismiss the Amended Complaint is granted.

IT IS SO ORDERED.

       /s/ Patricia A. Gaughan  
      PATRICIA A. GAUGHAN  
      United States District Judge

Dated: 6/8/12